**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER WOOD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-570 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AMERICAN EAGLE OUTFITTERS, INC., a Delaware corporation, AEO MANAGEMENT CO., a Delaware corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Walter Wood ("Plaintiff") brings this Class Action Complaint against Defendants American Eagle Outfitters, Inc. ("AEO") and AEO Management Co. ("AEO Management"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I.    NATURE OF THE ACTION

1.    AEO is an American clothing and accessories retailer with stores throughout the United States. AEO operates several brands including Aerie, a women's line of clothing consisting of undergarments and lingerie. AEO Management is a wholly-owned subsidiary of AEO and is responsible for operating AEO's website and promotions. In an effort to market AEO's products, Defendants sent (or directed to be sent on AEO's behalf) text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express

written consent[1] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Defendants to send text messages to their wireless telephones.

3.      By sending such unauthorized text messages, Defendants caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited text message activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.      <u>JURISDICTION AND VENUE</u>

5.      This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6.      This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because Defendants engaged in solicitation or service activities within the State of Illinois. This Court further has jurisdiction over Defendants because they carry on business within this State.

---

[1] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to the Court's personal jurisdiction and thus reside within this District.

### III. PARTIES

*Plaintiff*

8. Plaintiff Walter Wood is an individual domiciled in Santa Barbara County, California. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of California.

*Defendant*

9. Defendant AEO is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located in Allegheny County, Pennsylvania. For purposes of 28 U.S.C. § 1332, AEO is a citizen of the States of Delaware and Pennsylvania

10. AEO is a publicly traded company and operates the brand Aerie.

11. AEO is registered to do business in Illinois.

12. Defendant AEO Management is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located in Allegheny County, Pennsylvania. For purposes of 28 U.S.C. § 1332, AEO is a citizen of the States of Delaware and Pennsylvania.

13. AEO Management is a wholly-owned subsidiary of AEO and is responsible for operating AEO's website and promotions.

14. During the relevant time period, AEO Management's activities were under the direction and control of its parent, AEO.

## IV.    FACTUAL BACKGROUND

***Background on Unsolicited SMS Activity***

15.    In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

16.    One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

17.    SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

18.    According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[2] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[3]

19.    Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service

---

[2] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited January 15, 2015).

[3] *Id.*

providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

20. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

***Defendants' Unsolicited SMS Message to Plaintiff***

21. As part of Defendants' marketing campaign, Defendants have sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

22. On December 12, 2014 at 11:02 a.m., Defendants transmitted the following text message to Plaintiff's wireless phone:

> Aerie: What she REALLY
> wants! 40% off our fave
> holiday bras & MORE! Get
> gifting & ship it all for free!
> Only on.ae.com/favebras

23. On December 12, 2014 at 2:03 p.m., Defendants transmitted the following text message to Plaintiff's wireless phone:

> Aerie: Get it by Christmas!
> Last day for FREE
> standard shipping.
> Plus, BOGO 50% off
> including new arrivals!
> on.ae.com/BOGO

24. On December 31, 2014 at 2:03 p.m., Defendants transmitted the following text message to Plaintiff's wireless phone:

> Aerie: NYW Special! Take 25%
> Off + Free Shipping, on.ae.com/
> NYE only! Use Code
> NEWYEARS now thru 1.1.

25.     On January 3, 2015 at 11:03 p.m., Defendants transmitted the following text message to Plaintiff's wireless phone:

> Aerie: Free Legging w/ $45
> purchase in stores today only!
> Plus, save up to $40 thru
> Tomorrow, 1.11. Get coupon:
> on.ae.com/Save.

26.     On January 16, 2015 at 2:04 p.m., Defendants transmitted the following text message to Plaintiff's wireless phone:

> Aerie: AMAZING,
> MINDBLOWING, HUGE SALE!
> Take an extra 60% off clearance
> + up to $40 off your purchase
> online w/code LONGWKND thru
> 1.19! Shop: on.ae.com/SALE
> .

(A true and correct copy of the text messages are attached as Exhibit A.)

27.     The "from" field of the SMS transmissions was identified as "237-43."

28.     Defendants use the SMS short-code "237-43" to send text messages.

29.     Upon viewing the links provided in Defendants' text messages, various AEO products under the Aerie brand are marketed to the recipient of the text message.

30.     Defendants own and operate the websites listed in the text messages.

31.     Accordingly, Defendants use text messages, like the ones sent to Plaintiff, to promote or advertise AEO's products.

32.     Defendants sent or transmitted, or had sent or transmitted on AEO's behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

33.     On information and belief, Defendants sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

34.     Plaintiff never consented to in writing, requested, or otherwise desired or permitted Defendants to send or transmit text messages to his wireless phone.

## V.     CLASS ALLEGATIONS

35.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received a non-emergency, unsolicited text message to their wireless telephones from Defendants American Eagle Outfitters, Inc. and AEO Management, Inc. through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant Complaint through the date of trial (the "Class").

Excluded from the Class are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

36.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

37.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.  On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books

and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

38. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a. whether Defendants' conduct constitutes a violation of the TCPA;

b. whether the equipment Defendants used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

c. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

d. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

e. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

39. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

40. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

41.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**
Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other
Class members, thereby making appropriate final injunctive relief and declaratory relief, as
described below, with respect to the Class as a whole.

42.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is
superior to any other available means for the fair and efficient adjudication of this controversy,
and no unusual difficulties are likely to be encountered in the management of this class action.
The damages or other financial detriment suffered by Plaintiff and the other Class members are
relatively small compared to the burden and expense that would be required to individually
litigate their claims against Defendants, so it would be impracticable for Class members to
individually seek redress for Defendants' wrongful conduct. Even if Class members could afford
individual litigation, the court system could not. Individualized litigation creates a potential for
inconsistent or contradictory judgments, and increases the delay and expense to all parties and
the court system. By contrast, the class action device presents far fewer management difficulties,
and provides the benefits of single adjudication, economy of scale, and comprehensive
supervision by a single court.

## VI.     CLAIMS ALLEGED

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the Class)**

43.     Plaintiff incorporates by reference paragraphs 1-42 as if fully set forth herein.

44.     Defendants and/or their agents sent unsolicited commercial text messages to the
wireless telephone number of Plaintiff and the other Class members *en masse* without their prior
express written consent.

45.     Defendants sent the text messages, or had them sent on AEO's behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

46.     Defendants utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

47.     By sending the unsolicited text messages to Plaintiff and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

48.     Should the Court determine that Defendants' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.     <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.     <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Walter Wood, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Walter Wood as the representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding of actual and statutory damages;

C.     Requiring Defendants to cease all text message activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.      Awarding of reasonable attorneys' fees and costs; and

E.      Awarding such other and further relief that the Court deems reasonable and just.

Dated: January 21, 2015                      Respectfully submitted,

                                             WALTER WOOD, individually and on
                                             behalf of all others similarly situated

                                             By:   *s/ Joseph J. Siprut*
                                                    One of the Attorneys for Plaintiff
                                                    And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

Robert Adhoot*
*radhoot@ahdootwolfson.com*
Tina Wolfson*
*twolfson@ahdootwolfson.com*
Brad King*
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
310.474.9111
Fax: 310.474.8585

*Pro hac vice* application forthcoming

4840-4493-4177, v. 1